UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x

KEVIN CASTOR, ALAIN MONDESIR and DEVONTE KUNTZ, J.
SICA,

                          Plaintiffs,                            COMPLAINT

         -against-

THE CITY OF NEW YORK, DETECTIVE WILLIAM
WARREN, Shield No. 2757, SGT. FRITZ GLEMAUD,         <u>Jury Trial Demanded</u>
Shield No. 3224, POLICE OFFICER MICHAEL O'BRIEN,
Shield No. 24401, and JOHN and JANE DOE 1 through 3,
Individually and in their official capacities (the names John
and Jane Doe being fictitious, as the true names are presently
unknown),

                          Defendants.
--------------------------------------------------------------------x

      Plaintiffs, KEVIN CASTOR, ALAIN MONDESIR and DEVONTE SICA, by their

attorney, EDWARD FRIEDMAN, complaining of the defendants, respectfully allege as

follows:

## **PRELIMINARY STATEMENT**

      1.     Plaintiffs bring action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S. §§ 1983 and 1988 for violation of the   plaintiffs' civil

rights, as said rights are secured by said statutes and the Constitution of the State of New

York and the United States.

## **JURISDICTION**

      2.     The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C.

§1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant

to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiffs are legal residents of the United States and residents of the State of

New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to

perform all functions of a police department as per the applicable sections of the

aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the defendants, WILLIAM WARREN,

FRITZ GLEMAUD, MICHAEL O'BRIEN and JOHN and JANE DOE 1 Through 3 were

duly sworn police officers of said department and were acting under the supervision of said

department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

2

officials rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12.     Each and all of the acts to be alleged herein were done by said individuals while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     On January 3, 2012, at approximately 6:30 P.M plaintiffs KEVIN CASTOR, ALAIN MONDESIR and DEVONTE SICA were lawfully inside premises located at 607 Hegeman Street, in the County of Kings,  City of New York.

14.     At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or probable cause approached   the plaintiffs.  Plaintiffs were subsequently handcuffed  and arrested on unknown charges.  During the course of this incident, plaintiffs were pushed and otherwise manhandled by members of the New York City Police Department.  The plaintiffs  were taken to  the 73rd Precinct, and subsequently to Central Booking in Kings  County, City and State of New York, where they were released from custody prior to arraignment on January 5, 2012.  Plaintiffs were held in custody in excess of  30 hours.

15.     As a result of the foregoing, plaintiffs KEVIN CASTOR, ALAIN MONDESIR and DEVONTE SICA sustained, *inter alia*,, emotional distress, embarrassment,

3

and humiliation, and deprivation of their constitutional rights.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF KEVIN CASTOR
(Deprivation of Rights Under 42 U.S.C.§1983)

16.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

18.     All of the aforementioned acts deprived plaintiff KEVIN CASTOR of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

19.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

20.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

21.     Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the

respective municipality/authority, which is forbidden by the Constitution of the United States.

22.     As a result of the aforementioned conduct of defendants, plaintiff KEVIN CASTOR was injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KEVIN CASTOR
### (Supervisory Liability Under 42 U.S.C. §1983)

23.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "22" with the same force and effect as if fully set forth herein.

24.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to property supervise and train their subordinate employees.

25.     As a result of the aforementioned conduct of defendants, plaintiff KEVIN CASTOR  was injured.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KEVIN CASTOR
### (Failure To Intervene Under 42 U.S.C. §1983)

26.     Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs number "1" through "25" with the same force and effect as if fully set forth herein.

27.     Defendants had an affirmative duty to intervene on behalf of plaintiff KEVIN CASTOR, whose constitutional rights were being violated in their presence by other officers.

28.     The defendants failed to intervene to prevent the unlawful conduct described herein.

29.     As a result of the foregoing, plaintiff KEVIN CASTOR's liberty was restricted for an extended period of time, he was restrained, put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KEVIN CASTOR
### (False Arrest Under 42 U.S.C. §1983)

30.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     The defendants unlawfully arrested the plaintiff KEVIN CASTOR against his will without probable cause.

32.     As a result of the foregoing, plaintiff KEVIN CASTOR was deprived of his Fourth and Fourteenth Amendment rights.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KEVIN CASTOR
### (Municipal Liability Under 42 U.S.C. §1983)

33     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, a de facto blanket policy, custom or practice of encouraging the unlawful arrests, ethnic bias, detention and use of excessive force against young black males by the NYPD.  In Addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff KEVIN CASTOR's rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

36.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KEVIN CASTOR.

37.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KEVIN CASTOR as alleged

herein.

38.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff KEVIN CASTOR as alleged herein.

39.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff KEVIN CASTOR was unlawfully seized, detained and incarcerated.

40.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KEVIN CASTOR's constitutional rights.

41.     All of the foregoing acts by defendants deprived plaintiff KEVIN CASTOR of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest, abuse of process, and malicious prosecution;

        C.     To be free from assault and battery;

        D.     To be free from the use of excessive force and/or the failure to intervene.

42.     As a result of the foregoing, plaintiff KEVIN CASTOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants I an amount to be fixed by a jury.

## Supplemental State Law Claims

43.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon,  presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

45.     The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

46.     The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

47.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

48.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF KEVIN CASTOR
(False Arrest Under the Laws of the State of New York)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained

9

in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Plaintiff KEVIN CASTORwas arrested and held against his will in police custody in excess of 30 hours.

51.     As a result of the aforementioned conduct, plaintiff KEVIN CASTOR was unlawfully detained in violation of the laws of the State of New York.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF KEVIN CASTOR**
(Negligent Screening, Hiring and Retention  Under the Laws of the State of New York)

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff KEVIN CASTOR.

54.     Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF KEVIN CASTOR**
(Negligent Training and Supervision  Under the Laws of the State of New York)

55     Plaintiff repeats, reiterates, and realleges each and every allegation contained

10

in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff KEVIN CASTOR.

## AS AND FOR A NINTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KEVIN CASTOR
### (Negligence  Under the Laws of the State of New York)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Plaintiff KEVIN CASTOR's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A TENTH  CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF KEVIN CASTOR
### (*Respondeat Superior* Liability Under the Laws of the State of New York)

59.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendant City of New York is vicariously liable for the acts of its employees

11

and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

61.    As a result of the foregoing, plaintiff KEVIN CASTOR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## FEDERAL CLAIMS

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ALAIN MONDESIR
(Deprivation of Rights Under 42 U.S.C.§1983)

62.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "61" with the same force and effect as if fully set forth herein.

63.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

64.    All of the aforementioned acts deprived plaintiff ALAIN MONDESIR of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

65.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

12

66.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

67.     Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

68.     As a result of the aforementioned conduct of defendants, plaintiff ALAIN MONDESIR was injured.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ALAIN MONDESIR
#### (Supervisory Liability Under 42 U.S.C. §1983)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "68" with the same force and effect as if fully set forth herein.

70.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to property supervise and train their subordinate employees.

71.     As a result of the aforementioned conduct of defendants, plaintiff ALAIN MONDESIR was injured.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF ALAIN MONDESIR
<u>(Failure To Intervene Under 42 U.S.C. §1983)</u>

72. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "71" with the same force and effect as if fully set forth herein.

73. Defendants had an affirmative duty to intervene on behalf of plaintiff ALAIN MONDESIR, whose constitutional rights were being violated in their presence by other officers.

74. The defendants failed to intervene to prevent the unlawful conduct described herein.

75. As a result of the foregoing, plaintiff ALAIN MONDESIR's liberty was restricted for an extended period of time, he was restrained, put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF ALAIN MONDESIR
<u>(False Arrest Under 42 U.S.C. §1983)</u>

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. The defendants unlawfully arrested the plaintiff ALAIN MONDESIR against

14

his will without probable cause.

78.     As a result of the foregoing, plaintiff ALAIN MONDESIR   was deprived of

his Fourth and Fourteenth Amendment rights.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF ALAIN MONDESIR
(Municipal LiabilityUnder 42 U.S.C. §1983)

79     Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth

herein.

80.     Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the

respective municipality/authority, which is forbidden by the Constitution of the United States.

81.     The aforementioned customs, policies, usages, practices, procedures and rules

of the City of New York Police Department included, but were not limited to, a de facto

blanket policy, custom or practice of encouraging the unlawful arrests, ethnic bias, detention

and use of excessive force against young black  males by the NYPD.  In Addition, the City

of New York engaged in a policy, custom or practice of inadequate screening, hiring,

retaining, training and supervising its employees that was the moving force behind the

violation of plaintiff ALAIN MONDESIR's rights as described herein.  As a result of the

failure of the City of New York to properly recruit, screen, train, discipline, and supervise

its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly

15

authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

82.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ALAIN MONDESIR.

83.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ALAIN MONDESIR as alleged herein.

84.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ALAIN MONDESIR as alleged herein.

85.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff ALAIN MONDESIR was unlawfully stopped, seized,  detained and incarcerated.

86.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ALAIN MONDESIR's constitutional rights.

87.    All of the foregoing acts by defendants deprived plaintiff ALAIN MONDESIR of federally protected rights, including, but not limited to, the right:

A.  Not to be deprived of liberty without due process of law;

B.  To be free from false arrest, abuse of process, and malicious prosecution;

C.  To be free from assault and battery;

D.  To be free from the use of excessive force and/or the failure to intervene.

88.  As a result of the foregoing, plaintiff ALAIN MONDESIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants I an amount to be fixed by a jury.

**Supplemental State Law Claims**

89.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90 .  Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

91.  The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

92.  The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

93.    Plaintiff has  complied with all conditions precedent to maintaining the

instant action.

94.    This action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF ALAIN MONDESIR
### (False Arrest Under the Laws of the State of New York)

95.    Plaintiff repeats, reiterates, and realleges each and every allegation contained

in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth

herein.

96.    Plaintiff ALAIN MONDESIR  was arrested and held against his will in police

custody in excess of thirty  hours.

97.    As a result of the aforementioned conduct, plaintiff ALAIN MONDESIR was

unlawfully detained in violation of the laws of the State of New York.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF ALAIN MONDESIR
### (Negligent Screening, Hiring and Retention  Under the Laws of the State of New York)

98    Plaintiff repeats, reiterates, and realleges each and every allegation contained

in paragraphs numbered "1" through "97 " with the same force and effect as if fully set forth

herein.

99 .    Upon information and belief, defendant City of New York failed to use

reasonable care in the screening, hiring and retention of the aforesaid defendants who

conducted and participated in the arrest of plaintiff ALAIN MONDESIR.

18

100    Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF ALAIN MONDESIR
### (Negligent Training and Supervision  Under the Laws of the State of New York)

101    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102.    Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff ALAIN MONDESIR..

## AS AND FOR A NINETEENTH  CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF ALAIN MONDESIR
### (Negligence  Under the Laws of the State of New York)

103.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.    Plaintiff ALAIN MONDESIR's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

19

**AS AND FOR A TWENTIETH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF ALAIN MONDESIR**
(*Respondeat Superior* Liability Under the Laws of the State of New York)

105.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "104" with the same force and effect as if fully set forth herein.

106.   Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

107.   As a result of the foregoing, plaintiff ALAIN MONDESIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**FEDERAL CLAIMS**

**AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF DEVANTE SICA**
(Deprivation of Rights Under 42 U.S.C.§1983)

108.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "107" with the same force and effect as if fully set forth herein.

109.   All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of State law.

110.   All of the aforementioned acts deprived plaintiff DEVANTE SICA  of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth

and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. §1983.

111. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

112.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police offices, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

113   Defendants, collectively and individually, while acting under color of State law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

114   As a result of the aforementioned conduct of defendants, plaintiff DEVANTE SICA was injured.

## AS AND FOR A TWENTY-SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF DEVANTE SICA
### (Supervisory Liability Under 42 U.S.C. §1983)

115   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs number "1" though "114" with the same force and effect as if fully set forth herein.

116.   The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to property

supervise and train their subordinate employees.

117. As a result of the aforementioned conduct of defendants, plaintiff DEVANTE SICA was injured.

### AS AND FOR A TWENTY-THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF DEVANTE SICA
(Failure To Intervene Under 42 U.S.C. §1983)

118. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs number "1" through "117" with the same force and effect as if fully set forth herein.

119. Defendants had an affirmative duty to intervene on behalf of plaintiff DEVANTE SICA, whose constitutional rights were being violated in their presence by other officers.

120. The defendants failed to intervene to prevent the unlawful conduct described herein.

121. As a result of the foregoing, plaintiff DEVANTE SICA's liberty was restricted for an extended period of time, he was restrained, put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### AS AND FOR A TWENTY-FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF DEVANTE SICA
(False Arrest Under 42 U.S.C. §1983)

122 Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "121" with the same force and effect as if fully set forth

22

herein.

123.    The defendants unlawfully arrested the plaintiff DEVANTE SICA against his

will without probable cause.

124.    As a result of the foregoing, plaintiff DEVANTE SICA  was deprived of his

Fourth and Fourteenth Amendment rights.

### AS AND FOR A TWENTY-FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF DEVANTE SICA
(Municipal LiabilityUnder 42 U.S.C. §1983)

125.    Plaintiff repeats, reiterates and realleges each and every allegation contained

in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth

herein.

126.    Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the

respective municipality/authority, which is forbidden by the Constitution of the United States.

127.    The aforementioned customs, policies, usages, practices, procedures and rules

of the City of New York Police Department included, but were not limited to, a de facto

blanket policy, custom or practice of encouraging the unlawful arrests, ethnic bias, detention

and use of excessive force against young black males by the NYPD.  In Addition, the City

of New York engaged in a policy, custom or practice of inadequate screening, hiring,

retaining, training and supervising its employees that was the moving force behind the

violation of plaintiff DEVANTE SICA's rights as described herein.  As a result of the failure

of the City of New York to properly recruit, screen, train, discipline, and supervise its

officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

128.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DEVANTE SICA.

129.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DEVANTE SICA as alleged herein.

130.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff DEVANTE SICA as alleged herein.

131.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the city of new York and the New York City Police Department, plaintiff DEVANTE SICA was unlawfully stopped, seized, detained and incarcerated.

132.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DEVANTE SICA's constitutional rights.

133.    All of the foregoing acts by defendants deprived plaintiff DEVANTE SICA of federally protected rights, including, but not limited to, the right:

A.   Not to be deprived of liberty without due process of law;

B.   To be free from false arrest, abuse of process, and malicious prosecution;

C.   To be free from assault and battery;

D.   To be free from the use of excessive force and/or the failure to intervene.

134.   As a result of the foregoing, plaintiff DEVANTE SICA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants I an amount to be fixed by a jury.

## Supplemental State Law Claims

135   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "134" with the same force and effect as if fully set forth herein.

136.   Within ninety (90) days after the claim herein accrued, plaintiff duly served upon,  presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

137.   The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

138,   The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

139.   Plaintiff has  complied with all conditions precedent to maintaining the instant action.

140.   This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN TWENTY-SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF DEVANTE SICA
(False Arrest Under the Laws of the State of New York)

141.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "140" with the same force and effect as if fully set forth herein.

142.   Plaintiff DEVANTE SICA  was arrested and held against his will in police custody in excess of thirty  hours.

143.   As a result of the aforementioned conduct, plaintiff DEVANTE SICA  was unlawfully detained in violation of the laws of the State of New York.

## AS AND FOR A TWENTY-SEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF DEVANTE SICA
(Negligent Screening, Hiring and Retention  Under the Laws of the State of New York)

144.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "143" with the same force and effect as if fully set forth herein.

145.   Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff DEVANTE SICA.

26

146.   Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A TWENTY-EIGHTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF DEVANTE SICA
(Negligent Training and Supervision Under the Laws of the State of New York)

147.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "146" with the same force and effect as if fully set forth herein.

148.   Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff DEVANTE SICA.

### AS AND FOR A TWENTY-NINTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF DEVANTE SICA
(Negligence Under the Laws of the State of New York)

149.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "148" with the same force and effect as if fully set forth herein.

150.   Plaintiff DEVANTE SICA's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

27

## AS AND FOR A THIRTIETH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF DEVANTE SICA
### (*Respondeat Superior* Liability Under the Laws of the State of New York)

151.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "150" with the same force and effect as if fully set forth herein.

152.   Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

153.   As a result of the foregoing, plaintiff DEVANTE SICA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

WHEREFORE, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

A.   Full and fair compensatory damages for each plaintiff in an amount to be determined by a jury;

B.   Punitive damages for each plaintiff in an amount to be determined by a jury;

C.   Reasonable attorney's fees and the costs and disbursements of their actions; and

D.     Such other and further relief as appears just and proper.

Dated:  Brooklyn, New York
        January 30, 2013

EDWARD FRIEDMAN (EDF 4000)
Attorney for Plaintiffs

26 Court Street - Suite 1903
Brooklyn, New York   11242
(718) 852-8849

29